IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DANIEL PLUNKETT                                                      PETITIONER

VS.                          CASE NO. 5:08CV00102 SWW/HDY

LARRY NORRIS, Director of the
Arkansas Department of Correction                       RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Daniel Plunkett, an inmate in the custody of the Arkansas Department of Correction (ADC). On July 26, 2004, Mr. Plunkett entered a guilty plea in Poinsett County Court to possession of methamphetamine, a Class C felony, in case no. CR-2003-232, and one count of delivery of methamphetamine, a Class Y felony, in case no. CR-2003-224. In case no. CR-2003-232, he was sentenced to sixty months of supervised probation. In case no. CR-2003-224, he was sentenced to a suspended sentence of sixty months. On September 27, 2005, the state filed a petition to revoke, alleging that the petitioner had been arrested for possession of a controlled substance with intent to deliver. The petition to revoke referenced both CR-2003-232 and CR-2003-224. On April 17, 2006, the trial court held a revocation hearing, and the prosecutor noted that the petition to revoke applied to both CR-2003-232 and CR-2003-224. *See* Exhibit K, attachment to docket entry no. 12, p. 3. The petitioner's probation was revoked and he was sentenced to 240 months of imprisonment. A Judgment and Commitment referencing both cases was entered on April 17, 2006. *See* Exhibit D, attachment to docket entry no. 5. On May 5, 2006, an Amended Judgment and Commitment was filed; this document referenced only case no. CR-2003-224.

Mr. Plunkett appealed the revocation, alleging the following: (1) the trial court erred by allowing the introduction of the crime lab report; (2) the trial court erred by failing to suppress evidence resulting from an illegal search; and (3) the trial court erred in failing to dismiss the

revocation proceeding since it was not conducted within sixty days. The Arkansas Court of Appeals affirmed. *Plunkett v. State*, No. CACR-06-1064 (Ark. App. May 30, 2007).

Mr. Plunkett filed a Rule 37 postconviction petition on June 25, 2007, alleging the following: (1) the trial court was without authority to revoke his petition prior to the commencement of the period of suspension; (2) the trial court was without authority to sentence him for a charge not contained in the felony information; and (3) he was denied effective assistance of counsel due to his attorney's failure to properly demonstrate the violation of his speedy trial rights. The trial court denied the Rule 37 petition without a hearing on September 10, 2007. The petitioner attempted to perfect an appeal of the Rule 37 petition, but the attempted appeal was dismissed. Mr. Plunkett then filed a petition with the Arkansas Supreme Court to reverse the decision, or for belated appeal. The Arkansas Supreme Court treated the motion as one for rule on the clerk, and denied the request by order dated March 20, 2008. *Plunkett v. State*, CR-08-180 (Ark. Mar. 20, 2008).

Mr. Plunkett now advances three claims of ineffective assistance of counsel[1], contends the trial court was without jurisdiction to sentence him for a charge not contained in the felony information, and alleges that he was denied the right to appeal his Rule 37 petition.

Respondent contends that the statute of limitations bars consideration of ground four and that grounds one, two, and three are procedurally barred due to Mr. Plunkett's failure to adequately raise these claims in state court. By previous Court Order, Mr. Plunkett was notified that dismissal of grounds one through four was possible, and Mr. Plunkett was invited to explain why these grounds should not be dismissed. He has submitted two explanatory pleadings. In addition, the Court has requested and received additional information from the respondent, and Mr. Plunkett has responded to the additional pleading submitted by the respondent. We will initially address whether claims are

---

[1] He alleges he was denied effective assistance of counsel: (1) when his attorney failed to properly demonstrate error on direct appeal in regards to his speedy-trial violation as applied to the revocation hearing; (2) when his attorney failed to object or demonstrate error on direct appeal in regards to the circuit court revoking his period of probation prior to the commencement of the period of suspension; and (3) when his attorney allowed him to be convicted and sentenced for a charge not contained in the felony information.

barred by either the limitation period or due to a procedural barrier. Then, we will consider the claims properly before the Court.

It is unusual for a particular claim, as opposed to a petition, to be dismissed as time-barred. The pertinent language on the limitation period, from Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on *petitions* for writ of habeas corpus. In this instance, the respondent contends that the petitioner's judgment became final on July 26, 2004, when he entered his guilty pleas to the initial charges. As a result, the respondent argues that petitioner should have filed his federal petition with respect to ground four on or before July 26, 2005. The petition, however, was not signed until April 3, 2008, nor filed until April 11, 2008. The respondent urges that the petitioner's failure to act sooner is fatal to this ground. We decline to find the limitation period bars the consideration of ground four of the petitioner. It is arguable that the petitioner's judgment was not final in July of 2004 but became final only after the revocation proceedings. Out of an abundance of caution, we will not consider ground four to be barred by the limitation period.

In addition, the respondent contends that grounds one, two, and three are not properly before this Court due to the petitioner's failure to adequately raise his claims of ineffective assistance of counsel in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay

a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (1984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

In his explanatory pleadings (docket entries nos. 8 & 9), Mr. Plunkett contends the following establishes cause for his failure to present his claims of ineffective assistance in state court following the trial court's denial of Rule 37 relief:

> (1) Petitioner submitted a timely notice of appeal and designation of record. (2) When it became obvious that the court reporter was not going to prepare the record within the 90 day time limit Petitioner sought an extension of time in which to lodge the record, which was responded to by the Office Of The Prosecuting Attorney For Poinsett County Arkansas, but was completely ignored by the trial court and the court reporter. (3) After the trial court and court reporter failed to submit the record for lodging with the State Supreme Court Petitioner obtained a partial record and submitted this to the Supreme Court and asked that he be allowed to file a belated appeal. (4) The State Supreme Court treated the motion as a motion for a rule on the clerk, which was denied, and therefore petitioner submits that he made a fair presentation of his claims to the state courts and has no other remedies to pursue.

Docket entry no. 8, page 3.

Some light is shed on the petitioner's explanation by reviewing the Arkansas Supreme Court's opinion denying Plunkett's request for belated appeal.

> Now before us is petitioner's pro se motion to reverse the trial court's order, or for belated appeal, in which petitioner seeks leave to lodge the record belatedly and proceed with an appeal of the order. A motion for belated appeal will be treated as a motion for rule on clerk if a notice of appeal is timely filed. *Holland v. State,* 358 Ark. 366, 190 S.W.3d 904 (2004) (per curiam). We thus treat the motion as one for rule on clerk pursuant to Ark. Sup.Ct. R. 2-2(b).

5

> A petitioner has the right to appeal a ruling on a petition for postconviction relief. *Leavy v. Norris,* 324 Ark. 346, 920 S.W.2d 842 (1996) (per curiam). With that right, however, goes the responsibility to timely file a notice of appeal and tender the record to this court within the time limits set by the rules of procedure. If a petitioner fails to tender the record in a timely fashion, the burden is on the petitioner to make a showing of good cause for the failure to comply with proper procedure. *Garner v. State,* 293 Ark. 309, 737 S.W.2d 637 (1987) (per curiam). The fact that a petitioner is proceeding pro se in itself does not constitute good cause for the failure to conform to the prevailing rules of procedure. *Id.*
>
> Petitioner acknowledges in the instant motion that the transcript was supposed to have been filed in this court within ninety days, and he complains that the trial court did not issue an order for an extension of time in which to lodge the record. The remainder of petitioner's motion sets out the grounds advanced in his Rule 37.1 petition.
>
> The partial record tendered by petitioner does not indicate that he sought an order for extension of time, nor does he state in the petition that he did seek such an order. Even if such a motion for an extension of time were filed, it was petitioner's responsibility to obtain a ruling on it. When proceeding pro se, it is not the responsibility of the circuit clerk, circuit court, or anyone other than the petitioner to perfect an appeal. *Sullivan v. State,* 301 Ark. 352, 784 S.W.2d 155 (1990) (per curiam). Petitioner has stated no good reason for the late tender of the record.

*Plunkett v. State,* 2008 WL 741437, 1 (Ark.) (Ark.,2008) (not designated for publication).  The Supreme Court also notes in the opinion that the petitioner filed his timely notice of appeal on September 21, 2007, and filed the partial record with the Arkansas Supreme Court on February 12, 2008, 144 days after filing the notice of appeal.

From the foregoing arguments of the petitioner and the opinion of the Arkansas Supreme Court, it is clear that the petitioner did not lodge the record within the 90 days following the filing of his notice of appeal.  There is a factual dispute concerning the filing of an extension of time – the petitioner asserts that he filed a motion for extension of time[2] but the Arkansas Supreme Court found no evidence of Mr. Plunkett seeking such an extension.  Ultimately, the question is whether the petitioner has demonstrated cause for his failure to advance grounds one, two, and three in state court.  The answer to this question is no, and the answer is no regardless of the outcome of the factual dispute.

---

[2]The petitioner does not indicate when he filed this extension of time, although he claims that his motion received a response from the prosecutor's office.

6

If Mr. Plunkett did not file a timely motion for extension of time with the trial court, then it is clear that he cannot establish cause by citing the inaction of the trial court. The more difficult question is whether cause is shown if we assume the petitioner filed a timely motion for more time with the trial court. While the answer may appear harsh, the Arkansas Supreme Court supplies the answer when it held as follows: "Even if such a motion for an extension of time were filed, it was petitioner's responsibility to obtain a ruling on it. When proceeding pro se, it is not the responsibility of the circuit clerk, circuit court, or anyone other than the petitioner to perfect an appeal." *Plunkett v. State,* 2008 WL 741437, 1 (Ark.) (Ark.,2008) (not designated for publication).

In summary, we find that grounds one, two, and three were not properly presented to the state court for disposition, and we further find that the petitioner has not demonstrated cause and prejudice to excuse this failure[3]. For the foregoing reasons, we recommend that grounds one, two, and three be dismissed as procedurally barred.

Ground four is the petitioner's allegation that the trial court was without jurisdiction to sentence him for a charge not contained in the felony information. When the petitioner presented this claim to the state trial court, the judge found the petitioner "was properly charged" and "was at all times fully aware of the charge pending against him and the possible range of penalties that might be imposed upon him." *See* Exhibit H to docket entry no. 5. Mr. Plunkett's argument that the state failed to properly charge him on the possession of methamphetamine charge is without

---

[3]Even if the petitioner had made a showing of cause, he cannot show prejudice from failing to advance these claims. The trial court addressed the merits of his claims of ineffective assistance, and found them lacking. *See* Exhibit H to docket entry no. 5. At the state trial court level, he did not show that his attorney's actions were unreasonable when viewed in the totality of the circumstances, and that he was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 688 (l983); *Ryder v. Morris*, 752 F.2d 327, 33l (8th Cir. l985). Similarly, he does not now make such a showing.

merit.[4]  The information, found as Exhibit M to docket entry no. 12, was sufficient, as it named "the defendant, the offense charged, the statute under which the charge was made, the court and county where the alleged offense was committed, and . . . the principal language of the statute and the asserted facts constituting the offense." *Sawyer v. State,* 327 Ark. 421, 423 (Ark.,1997).

The final claim of Mr. Plunkett is that he was denied the right to appeal his Rule 37 petition.  We have previously discussed the facts alleged by Mr. Plunkett in our discussion of the procedural default issue.  Essentially, Mr. Plunkett urges the state denied him an appeal of his Rule 37 by denying his motion for belated appeal.  This argument fails.  Although he contends error in the disposition of his motion for extension of time, he does not prove that he sought an extension of time.  The Arkansas Supreme Court found no evidence of such a motion.  Even if such a motion had been filed, the Arkansas courts have ruled that the petitioner, not the trial court or the circuit clerk, bears the burden of obtaining a ruling, as well as bearing the burden of perfecting the appeal.  Due to both legal and factual shortcomings, this ground should be dismissed.

In summary, we recommend that grounds one, two, and three be dismissed as procedurally barred, and that grounds four and five be dismissed for lack of merit.  The petition for writ of habeas corpus should be dismissed, and the relief requested should be denied.

IT IS SO ORDERED this   30   day of August, 2008.

                                                      UNITED STATES MAGISTRATE JUDGE

---

[4] As previously noted, the amended judgment and commitment in state court made clear that the petitioner was revoked on only one charge, the delivery of a controlled substance.  Mr. Plunkett does not argue that the trial court was without jurisdiction on the delivery charge.